FILED
3:2/ P M
DATE: MAR 17 2020
SUPERIOR COURT, GUAM
Clerk



## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0346-19 |
| vs. | DECISION AND ORDER (Motion for Bill of Particulars) |
| TYSONE BENAVIDEZ USANA, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Honorable Anita A. Sukola on Defendant Tysone Benavidez Usana's Motion for Bill of Particulars. Usana is represented by the law firm Civille & Tang, PLLC. Attorney Courtney Leigh Scalice represents the People of Guam. The Court held a motion hearing on December 23, 2019, and subsequently took this matter under advisement. Upon review of the arguments and legal authorities presented by the parties, the Court hereby **DENIES** Usana's Motion for Bill of Particulars.

## BACKGROUND

On June 17, 2019, Guam Police Department received a walk-in report of sexual abuse. The minor victim described to the officers that Usana sexually abused her on a regular basis and that the abuse had been continuous for roughly nine years.

*People v. Usana*; CF0346-19

On June 27, 2019, a grand jury returned an Indictment charging Usana with 33 counts of criminal sexual conduct. The charges are separated by specific sexual act. A breakdown of the charges by chronological period follows:

1. **July 16, 2010, through July 15, 2011, inclusive:**
   a. Charge One, Count One (cunnilingus)
   b. Charge Two, Count One (digital penetration)
   c. Charge Three, Count One (causing mouth to touch primary genital area)
   d. Charge Four, Count One (touching primary genital area)

2. **July 16, 2011, through July 15, 2012, inclusive:**
   a. Charge One, Count Two (cunnilingus)
   b. Charge Two, Count Two (digital penetration)
   c. Charge Three, Count Two (causing mouth to touch primary genital area)
   d. Charge Four, Count Two (touching of primary genital area)

3. **July 16, 2012, through July 15, 2013, inclusive:**
   a. Charge One, Count Three (cunnilingus)
   b. Charge Two, Count Three (digital penetration)
   c. Charge Three, Count Three (causing mouth to touch primary genital area)
   d. Charge Four, Count Three (touching of primary genital area)

4. **July 16, 2013, through July 15, 2014, inclusive:**
   a. Charge One, Count Four (cunnilingus)
   b. Charge Two, Count Four (digital penetration)
   c. Charge Three, Count Four (causing mouth to touch primary genital area)
   d. Charge Four, Count Four (touching of primary genital area)

5. **July 16, 2014, through July 15, 2015, inclusive:**
   a. Charge One, Count Five (cunnilingus)
   b. Charge Two, Count Five (digital penetration)
   c. Charge Three, Count Five (causing mouth to touch primary genital area)
   d. Charge Four, Count Five (touching of primary genital area)

6. **July 16, 2015, through July 15, 2016, inclusive:**
   a. Charge One, Count Six (cunnilingus)
   b. Charge Two, Count Six (digital penetration)
   c. Charge Three, Count Six (causing mouth to touch primary genital area)
   d. Charge Four, Count Six (touching of primary genital area)
7. **July 16, 2016, through July 15, 2017, inclusive:**
   a. Charge Five, Count One (cunnilingus)
   b. Charge Six, Count One (digital penetration)
   c. Charge Seven, Count One (causing mouth to touch primary genital area)
   d. Charge Eight, Count One (touching primary genital area)
8. **July 16, 2017, through July 15, 2018, inclusive:**
   a. Charge Five, Count Two (cunnilingus)
   b. Charge Six, Count Two (digital penetration)
   c. Charge Seven, Count Two (causing mouth to touch primary genital area)
   d. Charge Eight, Count Two (touching primary genital area)
9. **April 1, 2019, through April 23, 2019, inclusive:**
   a. Charge Nine, Count One (touching buttock)

On August 20, 2019, Usana filed a Motion for Bill of Particulars. The People filed a Response on December 12, 2019. The Court held a motion hearing on December 23, 2019, and subsequently took the matter under advisement.

## DISCUSSION

Under Guam law, an indictment "shall contain a plain, concise and definite written statement of the essential facts constituting the offense charged, and shall be signed by the prosecuting attorney." 8 G.C.A. § 55.10. An indictment is sufficient if: (1) it contains the elements of the crime charged, (2) adequately informs the defendant of the crime to allow him/her to defend against the charges, and (3) is stated with sufficient clarity to bar subsequent

prosecution for the same offense. *People v. Jones*, 2006 Guam 13 ¶ 12 (citations omitted). The Supreme Court of Guam also noted that an indictment "should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." *Id.* Furthermore, "[a]n indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits." *United States v. Costello*, 350 U.S. 359, 363 (1956).

Even if an indictment is sufficient, a defendant may request for a bill of particulars under 8 GCA § 55.30. The statute in its entirety states as follows:

> Whether or not an indictment or information complies with § 55.10, if it fails to specify the particulars of the offense sufficiently to enable the defendant to prepare his defense, the court may, on motion of the defendant, require the prosecuting attorney to furnish the defendant with a clarification of the pleading containing such particulars as may be necessary for the preparation of the defense.

8 GCA § 55.30. The purpose of a bill of particulars is to "apprise the defendant of the specific charges being presented to minimize the danger of surprise at trial, to aid in preparation and to protect against double jeopardy." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983) (citations omitted).

**A. Bills of particular in child sexual abuse cases.**

Courts generally recognize the problem with requiring prosecutors to allege specific dates in child sexual abuse cases, particularly when the abuse is alleged to have occurred regularly over a long period of time. "This Court and numerous others have found that fairly large time windows in the context of child abuse prosecutions are not in conflict with constitutional notice requirements." *Valentine v. Konteh*, 395 F.3d 626, 632 (6th Cir. 2005). *See also State v. Daniel*, 647 N.E.2d 174 (Ohio Ct.App.1994) ("It is well established that,

particularly in cases involving sexual misconduct with a child, the precise times and dates of the alleged offense or offenses oftentimes cannot be determined with specificity."); *State v. Mundy*, 650 N.E.2d 502 (Ohio Ct.App.3d.1994) ("In many cases involving child sexual abuse, the victims are children of tender years who are simply unable to remember exact dates and times, particularly where the crimes involve a repeated course of conduct over an extended period of time"); *State v. Wilcox*, 808 P.2d 1028, 1033 (Utah 1991) ("The problem of young children who are unable to specify a date on which abuse occurred or a location where it occurred is exacerbated by situations in which the abuse occurred on many occasions over a long period of time, a not-uncommon occurrence.").

The *Wilcox* Court held that requiring children to testify about times and places with certainty "would leave the youngest and most vulnerable children with no legal protection. An abuser could escape prosecution merely by claiming that the child's inability to remember the exact dates and places of the abuse impaired the abuser's ability to prepare an alibi defense." *Id.; See also State v. Klenz*, 437 P.3d 504, 508, *cert. denied*, 437 P.3d 1249 (Utah 2019) (holding that a defendant was not entitled to a bill of particulars where defendant was charged with five counts of aggravated sexual abuse of a child for conduct occurring over a seven-year period ending when the victim was fifteen years old). "[A]n alibi defense was not a realistic possibility where Defendant had continual contact with Victim over the seven-year period alleged in the Amended Information, and thus Defendant has not shown specific harm to his defense resulting from the lack of exact dates and times." *Id.* at 515 (internal citation and quotations omitted).

Usana moves the Court to order a bill or particulars, arguing that the time frame of 2010

to 2018 is unfairly vague. Usana argues that this large date range prevents him from presenting certain defenses, such as an alibi or absence from Guam.

In light of the policy of leniency applicable to temporal discrepancies in child sex abuse indictments, the Court holds that Usana is not entitled to a bill of particulars. The People accuse Usana of sexually abusing the minor victim continuously over a period of over seven years, beginning when the victim was eight years old. The People have provided Usana with the best information available, which does not include any specific dates due to the fact the alleged abuse occurred on a regular basis over nearly a decade. Usana is not prejudiced by the fact that he cannot provide an alibi defense, as such defense would not be a realistic probability due to Usana's continuous contact with the victim. Further, the Court is satisfied that the Indictment articulates adequate information to bar future prosecutions for the same offenses. If, in the unlikely event a subsequent prosecution were initiated, the burden would be on the People to establish a crime different from those to which Usana is now charged.

## CONCLUSION

Based on the foregoing reasons, the Court **DENIES** Usana's Motion for Bill of Particulars.

A Further Proceedings is set for ___4/21/2020 @ 10 a.m.___

**SO ORDERED** this ___3/17/2020___.

_____

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

*People v. Usana*, CF0346-19